**In re JUSTIN S.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1991.
Decided Aug. 12, 1991.

James R. Bushell, Portland, for Vanessa S.

Susan Bowie, Portland, for Guardian Ad Litem.

Christine Foster, Asst. Atty. Gen., Dept. of Human Services, Portland, for the State.

Joan Kidman, Portland, for intervenors.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Vanessa S., mother of Justin S., appeals from a judgment of the District Court (Portland, *Beaudoin, J.*) terminating her parental rights on a petition of the Department of Human Services (DHS). Vanessa contends that the court lacked clear and

convincing evidence both that termination was in Justin's best interest and that Vanessa was unwilling or unable to take responsibility within a time reasonably calculated to meet his needs. Although we are concerned by statutory limitations imposed upon the court's best interest determination we hold that the evidence before it met the clear and convincing standard and we affirm the judgment of termination.

## I.

It is undisputed that Vanessa left home at age 16 and developed serious problems of alcohol and drug abuse. These problems persisted several years later when she married and gave birth to Justin in November, 1983. When he was less than a year old Vanessa voluntarily placed Justin in DHS custody where he remained for nearly two years until Vanessa had completed a drug rehabilitation program, obtained a divorce, and returned to live with her parents. After Justin was returned to her custody Vanessa moved to an apartment with him and resumed her drug abuse. A year after custody was returned Vanessa's parents began caring for Justin while Vanessa entered drug treatment programs. After a few months Vanessa's parents advised DHS that they no longer could care for Justin and DHS obtained permanent custody, placing him in foster care in February, 1988.

DHS did not prepare a reunification plan because it received no contact from Vanessa who resided, first as a patient at Augusta Mental Health Institute, and then in Portland with no fixed address. Vanessa attended a review of Justin's case in Octo-

ber, 1988 but refused to release her drug treatment records to enable DHS to consider them in making reunification plans. Vanessa received additional treatment in 1989 and had several visits with Justin pursuant to a court order. In February, 1990 DHS filed its petition to terminate Vanessa's parental rights. The District Court held hearings in April, 1990 and then stayed proceedings to permit Justin's guardian ad litem to finalize an "open adoption" contract between Vanessa and Justin's foster care parents.

The agreement would have allowed the foster parents to adopt Justin while permitting Vanessa to continue limited visits. Justin's caseworker testified that DHS, not a party to the agreement, became concerned that the proposed visits were too frequent to be in Justin's best interest and denied approval of the adoption. Vanessa received additional treatment during the summer of 1990 and eventually renounced the open adoption agreement. The District Court held further hearings and in October, 1990 it ordered termination of Vanessa's parental rights. Vanessa then brought this appeal.

## II.

In order to terminate parental rights without consent the District Court must find that termination is in the best interest of the child and that the parent is inadequate under one of the additional statutory conditions. 22 M.R.S.A. § 4055 (Pamph.1990).[1] These findings must be supported by clear and convincing evidence. *Id.* We will affirm a termination

---

1. 22 M.R.S.A. § 4055 provides in pertinent part:
   § 4055. **Grounds for termination**
   1. **Grounds.** The court may order termination of parental rights if:
   A. One of the following conditions has been met:
   (1) Custody has been removed from the parent ... and
   B. Either:
   (1) The parent consents to the termination ... or
   (2) The court finds, based on clear and convincing evidence, that:
   (a) Termination is in the best interest of the child; and

   (b) Either:
   (i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;
   (ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;
   (iii) The child has been abandoned; or
   (iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

order if the court reasonably could have been persuaded that the required factual findings were proved to be *highly probable,* and will vacate only if the findings amount to clear error. *In re Annette P. and Elizabeth P.,* 589 A.2d 924, 926 (Me. 1991).

Vanessa challenges the evidentiary support for the court's finding that she was unwilling or unable to take responsibility for Justin within a time reasonably calculated to meet his needs. The record shows that at the time of the hearings Vanessa was disposed to care for Justin, lending no support to a finding that she was unwilling to take responsibility for him. *See In re John Joseph V.,* 500 A.2d 628, 630 (Me.1985). But the statute also permitted the court to base its finding on Vanessa's inability to take responsibility. 22 M.R.S.A. § 4055(1)(B)(2)(b)(ii). The court heard ample testimony to establish its factual findings that Vanessa still required medical support to remain sober, still had serious emotional problems, and still required extensive treatment and training to function independently of her parents. The court reasonably could have been persuaded that it was highly probable that Vanessa was unable to take responsibility for Justin at the time of the hearings.

The court also heard evidence that Justin was a difficult child to parent and that he had an immediate need for a permanent home. Vanessa would not be able to assume child care responsibilities for at least two years. We hold that the court's finding that she was unable to take responsibility within a time reasonably calculated to meet Justin's needs was not clearly erroneous. Our conclusion is not altered by the DHS's omission to prepare a reunification plan, which resulted in this case from Vanessa's own failures to provide DHS with her whereabouts and her medical evaluations. *See In re Chesley B.,* 499 A.2d 137, 140 (Me.1985).

### III.

Vanessa also argues that the evidence does not support the court's finding that termination was in the best interest of the child. The court heard extensive testimony on the question whether it was in Justin's best interest to remain in foster care or to have Vanessa's parental rights terminated. Justin had been in four foster homes. His therapist testified that insecurity about his future was contributing to behavioral problems and it was very important that his need for a stable family relationship be met soon. Justin required a great deal of security, structure, and attention. Vanessa's therapist estimated that she would require at least two years of treatment and training to be able to care for Justin. Given only the alternative of more temporary foster care we must hold the court's finding, that termination was in Justin's best interest, not clearly erroneous.

We are troubled, however, by the absence of other alternatives under the facts of this case. The evidence showed that Justin retained a strong bond to Vanessa's parents and had expressed some desire to live with Vanessa.[2] Justin's caseworker thought that he would benefit from continuing limited visits with Vanessa. Justin's therapist testified repeatedly that he still benefitted from his contacts with Vanessa and would be harmed by severing those contacts completely. *Cf. In re Hope H.,* 541 A.2d 165, 167 (Me.1988) (child may benefit from preserving limited relationship with own parent despite inadequacies). Because Justin's foster parents desired to adopt him, his need for security could not be met by a long term foster placement under existing law. 22 M.R.S.A. § 4064(2)(C) (Pamph.1990). Justin's guardian ad litem strove to put together an open adoption contract that would provide him with the security of a permanent family while preserving his limited visits with Vanessa.

DHS was prevented by its procedures from becoming a party to this voluntary agreement. Without participating in the

---

**2.** Only a child at least 14 years old can veto the termination of parental rights. 22 M.R.S.A. § 4055(3) (Pamph.1990). Justin was under seven at the time of the termination hearings.

negotiations DHS concluded that the agreement would not be in Justin's best interest. In our view the court was hampered in following its mandate to act in Justin's best interest by the absence of statutory alternatives to termination or temporary foster care. The best interest of the child may have been better served if the court had had the flexibility to order an adoption that preserved the natural parent's visiting privileges. This litigation also might have reached an earlier conclusion had the court possessed authority to create such a compromise or to fashion other alternatives to unconditional termination of parental rights.

The entry is:

Judgment affirmed.

All concurring.