MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 57
Docket:       Cum-18-347
Submitted
  On Briefs:  April 9, 2019
Decided:      April 16, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE CHILDREN OF CHRISTINE A.

PER CURIAM

[¶1] Christine A. appeals from a judgment entered by the District Court (Portland, *Eggert, J.*) terminating her parental rights to her two children. She challenges the court's findings of unfitness and its best interest determination, as well as the court's denial of her motion in limine to exclude the testimony of two school counselors. We affirm the judgment.

[¶2] In February of 2016, the Department of Health and Human Services initiated child protection proceedings as to each of the mother's two children, alleging that the mother suffered from substance abuse and mental health issues and that the children were subject to an escalating pattern of neglect.[1]

---

[1] The Department named the putative father of each child in the child protection petitions. The court (*Powers, J.*) later dismissed from the proceedings the putative father of the elder child based on DNA test results. The court (*Eggert, J.*) entered a jeopardy order as to the father of the younger child, finding abandonment as an aggravating factor pursuant to 22 M.R.S. §§ 4002(1-A), (1-B)(D), 4036(1)(G-2) (2018). The children's fathers are not at issue in this appeal.

2

The court (*Kelly, J.*) entered preliminary protection orders placing the children in the Department's custody. After a contested summary preliminary hearing, the court (*Eggert, J.*) maintained custody of the children with the Department. The mother later agreed to the entry of an order finding jeopardy to the children on grounds that her mental health and substance abuse issues rendered her an unsafe caregiver for the children.

[¶3] On May 15, 2017, the Department petitioned for the termination of the mother's parental rights to both children. The court conducted a testimonial hearing on July 9 and 10, 2018. On the morning of the first hearing day, the mother moved in limine to exclude the testimony and treatment records of two school counselors on the ground that she had not been provided with any discovery relating to their testimony or records. The court denied the motion in limine as untimely given that both witnesses were named on the Department's witness list filed on December 21, 2017, but the mother did not seek exclusion of their testimony until July.

[¶4] By a judgment dated July 26, 2018, the court terminated the mother's parental rights to the children. In its decision, the court made the following factual findings, which are supported by competent record evidence.

[¶5]   The mother has suffered multiple crises because of her mental health and alcohol abuse issues.  She was diagnosed in 2015 with an unspecified psychotic disorder and post-traumatic stress disorder (PTSD), for which she was prescribed anti-psychotic, anti-depressant, and anti-anxiety medications.[2] Although the mother saw a psychiatric nurse practitioner to manage her medications and agreed to psychological and substance abuse evaluations, the court found that she was "in reality not doing so well and had not been maintaining her sobriety."  In 2016, she was admitted to a hospital psychiatric unit after a trip to the emergency room, and she was then transferred to an inpatient mental health facility.

[¶6] The mother then completed a residential program and was faithfully attending an outpatient program, leading the Department to consider allowing overnight visits with the children, when the mother relapsed on alcohol. Although overnight visits eventually began in January of 2017, the court found that

> [the mother's] progress came to an abrupt halt later in January
> when she was found to be unstable and swaying as she was holding
> [the younger child] in her arms during an unannounced home visit
> on January 31, 2017[,] by [the Department caseworker].  [The

---

[2] The court found, "It is now not clear that the unspecific psychosis was an accurate diagnosis but the PTSD was clearly accurate and the medications prescribed would also have some benefit for that diagnosis."

mother] was having trouble breathing, slurring her words, and having quick mood swings. The Crisis Team was called to the house and the children were returned to their foster care. [The mother] failed several drug tests from January 27, 2017[,] to March 1, 2017. She was discharged from the [outpatient treatment and parenting program]. Despite these setbacks, [the Department] did not give up on [the mother] and she did not give up on herself.

After a psycho-social assessment, the mother was diagnosed with PTSD induced by complex trauma and an alcohol use disorder, and she was referred for cognitive behavioral therapy. The court found,

During this time [the mother] seemed to regain control of herself and she began to have the children for visits twice a week on a check in basis. . . . [The mother] seemed to have a good relationship with [her behavioral therapist] and expressed her desire to work on her PTSD issues. Despite her expression, [the mother] had cancelled her May 17 session and failed to show for the next session. On July 5, [the mother] disclosed a relapse on alcohol, and then failed to show for sessions from July 12 to August 9. The pattern of failure to show or cancellations continued until [the behavioral therapist] discharged [the mother] from care on November 2, 2017. During the time in therapy [the mother] had only begun to grapple with the PTSD issues and doing so was emotionally difficult. [The mother] apparently did not have a strong enough desire to remediate her PTSD symptoms to continue the tough work needed to be successful. She was also unwilling to acknowledge her difficulties with alcohol consumption which makes it difficult to modify behavior.

In the months that followed, the mother tested positive for alcohol consumption in several substance use screenings and she missed visits with the children. The court found,

[The mother] has still not taken [the cognitive behavioral counseling] that would give her the best chance of learning how to manage her PTSD and alcohol usage issues. She has been sober recently according to her, but the Court does not find that she is likely to maintain that without the intensive therapy needed to manage her triggers. [After six months of cognitive behavioral counseling, the mother] had only begun the extensive work needed to reach a successful conclusion. She is just beginning again and there is no reason presented to find that another six months of [counseling] of unknown type will alleviate the jeopardy.

. . . .

[The younger child] . . . has been in [the Department's] custody most of her life. She does know her mother and has a bond with her but is also well cared for and safe in the home of her foster parents . . . . In fact she is thriving. . . . She now requires the permanency and stability that the termination of [the mother's] parental rights will assure.

[The older child] has expressed to the [guardian ad litem] his concern about a return to [the mother]. He has experienced life with her when she has been drunk and worries that it won't be safe to be with her. He is also concerned that he will have to protect [the younger child] and how he will be able to do that if he has to leave the home to get help. In contrast [the older child] feels safe and secure with [his foster parents]. He has fit into their household nicely . . . . He requires the permanency and stability that termination of [the mother's] parental rights will assure.

[¶7] On the basis of these facts, the court found two grounds of parental unfitness—that the mother is unwilling or unable to protect the children from jeopardy and will be unable to do so within a time reasonably calculated to meet the children's needs, *see* 22 M.R.S. § 4055(1)(B)(2)(b)(i) (2018), and that

6

the mother is unwilling or unable to take responsibility for the children within a time reasonably calculated to meet their needs, *see* 22 M.R.S. § 4055(1)(B)(2)(b)(ii) (2018)—and that termination of the mother's parental rights is in the children's best interests, *see* 22 M.R.S. § 4055(1)(B)(2)(a) (2018). The mother timely appealed.[3] *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1).

[¶8] The mother challenges the sufficiency of the evidence supporting the court's findings of parental unfitness and its determination that termination is in the children's best interests. Contrary to the mother's contentions, the court's factual findings of unfitness and best interest are not clearly erroneous, and we discern no abuse of discretion in the court's ultimate determination of best interest. *See In re Child of James R.*, 2018 ME 50, ¶¶ 11, 14, 182 A.3d 1252. Notwithstanding the mother's successes in her rehabilitation and reunification efforts, there is sufficient evidence in the record to support the court's findings, by clear and convincing evidence, that, because of her alcohol abuse and

---

[3] While the appeal was pending, we granted the mother's request to allow the District Court to rule on her motion for relief from the termination judgment based on the alleged ineffective assistance of her trial counsel. *See* M.R. Civ. P. 60(b)(6); *In re Alexandria C.*, 2016 ME 182, ¶¶ 11-24, 152 A.3d 617. By decision dated November 7, 2018, the court (*Eggert, J.*) denied the mother's motion for relief from judgment on its merits, notwithstanding that the mother had not filed the required signed affidavits to accompany her motion. *See In re Alexandria C.*, 2016 ME 182, ¶¶ 15, 17, 23, 152 A.3d 617. The mother does not challenge the denial of her motion for relief from judgment in this appeal.

continuing mental health needs, the mother is unable to protect the children from jeopardy or take responsibility for the children, and that termination is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (ii); *In re Child of James R.*, 2018 ME 50, ¶¶ 11, 14, 182 A.3d 1252.

[¶9]  We also discern no abuse of discretion in the court's determination that termination of the mother's parental rights is in the best interests of the children; the children have now been in the Department's care for more than three years and they are thriving in their foster home, while the mother is only just restarting her rehabilitation efforts after a series of relapses. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Child of James R.*, 2018 ME 50, ¶ 14, 182 A.3d 1252. The mother's reliance on contradictory evidence—that she participated and made some progress in her rehabilitation services, that she faced significant challenges in her life, and that she could benefit from additional counseling— does not negate the court's supported findings.  It was for the trial court to determine the weight and credibility of the evidence that the mother identifies, and the court was not required to—and did not—rely on that evidence.[4]  *See In re Keegan M.*, 2017 ME 203, ¶ 6, 171 A.3d 586.

---

[4]  We are also not persuaded by the mother's contention that the court erred by denying her "admittedly last-minute" motion in limine to exclude the testimony of two school counselors. *See In re Kayla S.*, 2001 ME 79, ¶ 9, 772 A.2d 858 ("We review a trial court's evidentiary rulings for clear error and an abuse of discretion.").  Although the Department had identified both counselors on its

8

The entry is:

Judgment affirmed.

---

Kristina Dougherty, Esq., Chester & Vestal, P.A., Portland, for appellant mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket numbers PC-2016-14 and PC-2016-15
FOR CLERK REFERENCE ONLY

---

witness list more than six months earlier, the mother had never sought to subpoena any information from the counselors and did not file her motion in limine until the morning of the first day of trial. Further, the mother does not challenge the court's denial of her motion for relief from the judgment, in which one basis of her claim of ineffective assistance of counsel was her trial attorney's handling of the motion in limine. *See Halliday v. Henry*, 2015 ME 61, ¶ 10 n.4, 116 A.3d 1270 ("[A]n issue not briefed on appeal is deemed waived.").