MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 1
Docket:        Yor-19-251
Submitted
  On Briefs:   November 21, 2019
Decided:       January 2, 2020
Revised:       April 14, 2020

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, and HUMPHREY, JJ.[*]

# IN RE CHILDREN OF BRITTANY B.

SAUFLEY, C.J.

[¶1]  Brittany B. appeals from orders entered in the District Court (Springvale, *Mulhern, J.*) finding, by a preponderance of the evidence, that two of her children[1] were in jeopardy to their health or welfare in the mother's care. She argues, on appeal, that her due process rights were violated because of ineffective assistance of counsel. She also argues that the court abused its discretion in denying her motion in limine and admitting in evidence certain statements made by the children to Department of Health and Human Services caseworkers. Concluding that the mother has not presented a prima facie case

---

[*] Although Justice Hjelm participated in the appeal, he retired before this opinion was certified.

[1] Although the mother has several children, only two children are the subject of this appeal.

2

of attorney ineffectiveness and that the record supports the court's evidentiary ruling, we affirm the judgment.

## I. BACKGROUND

[¶2] The following facts are drawn from the court's findings, which are supported by competent record evidence, and from the procedural record. *See In re Child of Radience K.*, 2019 ME 73, ¶ 2, 208 A.3d 380.

[¶3] In late 2018, after the two children had expressed to a caseworker that they had been physically abused by their father,[2] the Department filed a petition for a child protection order for the two children. At the time, however, the Department did not request that the court remove the children from the mother's custody. In early 2019, the Department dismissed the petition after the mother began participating in treatment services.

[¶4] On March 8, 2019, the mother left the children in her home with two men. The two men had a history of substance abuse.[3] That night, while the mother was absent, an officer responded to a report of an assault occurring at her home. Individuals had allegedly come to the home and assaulted one of the

---

[2] The court found jeopardy as to the father on June 24, 2019. He does not appeal the order.

[3] Additionally, an officer testified that police had observed drug paraphernalia inside the home. Similarly, the older child indicated seeing a large pipe.

men watching the children. After the incident, Department caseworkers interviewed the older child, who explained that the children heard noises and were afraid throughout the incident. The next evening, the mother again left her children in the care of one of the two men. Two days later, the mother visited a hospital—accompanied by the youngest child—seeking treatment for a skin infection. After the mother became verbally assaultive when asked if she had been using drugs, a physician made a referral to the Department.

[¶5] The Department again initiated child protection proceedings as to the two children on March 12, 2019, and petitioned for a preliminary protection order. The court (*Moskowitz, J.*) entered a preliminary protection order that day, placing the children in temporary Department custody. After the order had been entered, the mother fled with the children to Massachusetts. On March 18, 2019, the children were located, and Department caseworkers traveled to a hospital in Massachusetts where the children were waiting with a Massachusetts state trooper. The children were taken to a foster home in Maine that same day.

[¶6] At a summary preliminary hearing on March 25, 2019, the mother exercised her right to contest the temporary order. Following the hearing, the

court (*Duddy, J.*) found that the children were in immediate risk of serious harm in the custody of their parents and continued the preliminary protection order.

[¶7] On June 3 and June 4, 2019, the court (*Mulhern, J.*) held a contested jeopardy hearing. On the first day of the hearing, the mother filed a motion in limine, seeking to exclude from evidence any statements by her children to Department caseworkers regarding the incident on March 8, 2019. The court denied the motion. On June 6, 2019, the court found jeopardy to the children based on the risk of physical and emotional harm, and exposure to multiple unsafe people with a history of violence. The court based its determination on the following findings of fact:

> Jeopardy as to the mother consists of a risk of physical and emotional harm due to exposing the children to unsafe individuals and situations. [The mother] has left the children with caregivers who she knows to be drug users, drug dealers and have histories of domestic violence. In mid-March, after the children were placed in the Department's temporary custody, [the mother] fled with the children in an attempt to keep them from the Department. She returned to Maine only upon her arrest on a warrant. [The mother] has been getting services for substance abuse and trauma issues for over one year . . . but she continues to make unsafe decisions for herself and her children. These jeopardy issues are due to a constellation of issues, including [the mother's] trauma history, history of substance abuse and fragile recovery, health issues and the effects of her domestic violence history.

[¶8] The mother appeals.

## II. DISCUSSION

[¶9]  The pleadings before us present two issues.  The mother argues that (A) her trial counsel's assistance was ineffective and (B) the court abused its discretion in admitting statements by the children regarding the incident on March 8, 2019.  We address each in turn.

A.      Ineffective Assistance of Counsel

[¶10]  First, the mother raises a claim that her counsel at the jeopardy proceeding was ineffective.  It is well-established that "a parent's right to counsel during the jeopardy stage of child protection proceeding includes the right to the *effective* assistance of counsel."  *Id.* ¶ 56.

[¶11]  Because the "need for a swift resolution of ineffectiveness claims at the termination stage of child protection proceedings applies just as forcefully at the jeopardy stage because of the nature of the parents' interests that are affected by a jeopardy order and the ongoing importance of achieving ultimate permanency for the child," we have held that the procedural requirements governing claims of ineffective assistance of counsel stemming from a termination hearing also govern claims of ineffective assistance of counsel following a jeopardy proceeding.  *Id.* ¶ 59 (citation omitted) (quotation marks omitted).

6

[¶12]   There are two procedural mechanisms through which a parent may raise a claim of ineffective assistance of counsel.  *In re Children of Matthew G.*, 2019 ME 106, ¶ 6, 211 A.3d 226.  "First, if there are no new facts that the parent seeks to offer in support of the claim, the parent may make an ineffectiveness claim in a direct appeal" from the jeopardy order.  *Id.*  "Second, if the basis for the parent's ineffectiveness challenge is not clear from the existing record and would require a court to consider extrinsic evidence, the parent must promptly move for relief" from the judgment pursuant to M.R. Civ. P. 60(b)(6).  *See id.*  "Regardless of how the parent presents the claim, the parent must execute and file an affidavit stating, with specificity, the basis for the claim."  *Id.*

[¶13]   Here, the mother asserts her ineffectiveness claim on direct appeal. Although she has submitted a signed and sworn affidavit, her affidavit does not provide *any* information about the basis for her ineffectiveness claim.  *See In re Aliyah M.*, 2016 ME 106, ¶ 10, 144 A.3d 50.  The mother's affidavit states only, "I believe [trial counsel's] representation of me during the trial was inefficient and that this effected the outcome of the trial."  Because the affidavit provides no specificity whatsoever, the foundation for a claim of ineffective assistance of counsel is absent, and we must deny her claim.  *Id.* ¶ 9.

[¶14] Even if the mother had presented her ineffectiveness claim in an effective affidavit,[4] however, her argument—as far as we can discern it—would be unsuccessful. *Id.* ¶ 11. In her brief, the mother asserts that her counsel failed to make a general request for discovery or file a motion to compel when discovery had not been promptly provided. As shown in the record, however, trial counsel was provided discovery on May 30, 2019, prior to the hearing. Thus, that claim is unpersuasive. Moreover, after receiving discovery, the mother's counsel prepared a motion in limine seeking to exclude the children's statements regarding the incident on March 8, 2019, in great part based on the missing recordings of interviews conducted of the children. When the court denied the motion, the mother's counsel addressed evidentiary concerns through a series of objections, before renewing efforts regarding her motion in limine. Ultimately, the record demonstrates assertive and effective assistance of counsel.

---

[4] When a parent makes a claim of ineffective counsel, the parent bears the burden to show that "(1) counsel's performance was deficient, i.e., that there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance . . . below what might be expected from an ordinary fallible attorney," and demonstrate that "(2) the parent was prejudiced by the attorney's deficient performance in that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *In re Child of Kimberlee C.*, 2018 ME 134, ¶ 6, 194 A.3d 925 (quotation marks omitted).

B.      Children's Out-of-Court Statements

[¶15]  The mother next argues that, because her counsel did not have access to audio recordings of the children's interviews with Department caseworkers, her counsel could not properly prepare to cross-examine witnesses.[5]  She asserts that, if the court had granted the motion in limine and excluded the children's statements regarding the March 8, 2019, incident, there would not have been competent evidence in the record to support a finding of jeopardy.  "We review a trial court's evidentiary rulings for clear error and an abuse of discretion." *In re Kayla S.*, 2001 ME 79, ¶ 9, 772 A.2d 858.

[¶16]   Generally, hearsay is inadmissible under Maine Rule of Evidence 802.  A court, however, "may admit and consider oral or written evidence of out-of-court statements made by a child, and may rely on that evidence to the extent of its probative value."  22 M.R.S. § 4007(2) (2018).  Contrary to the mother's contentions, although we recognize her "fundamental liberty interest to direct the care, custody, and control of their children, [w]e have held that the introduction of evidence pursuant to 22 M.R.S. § 4007(2) . . .

---

  [5]  Significantly, no counsel participating in the hearing had obtained the audio recordings of the children's statements before the hearing.  At hearing, the counsel for the Department and the guardian ad litem stated that neither had heard, nor received, any recordings of the children's statements.  The record is not clear as to why the recordings were not provided, but it is clear that counsel took steps to attempt to limit the detriment that her client might experience as a result of the missing recordings.

does not violate due process." *In re Children of Danielle H.*, 2019 ME 134, ¶ 6, 215 A.3d 217 (alterations in original) (citation omitted).

[¶17] The mother's primary objection to the admission of evidence of the children's statements through others was based on her lack of timely access to the recordings and the assertion that the mother would be at a disadvantage if the statements were admitted without counsel having had access to the recordings. The trial court was unpersuaded by the mother's objection and reasonably "balanced the interest of the State in protecting the [children] with the interest of the parents in maintaining custody" when it allowed the children's statements into evidence. *In re Destiny T.*, 2009 ME 26, ¶ 12, 965 A.2d 872; *see* 22 M.R.S. § 4007(2). Thus, the court recognized the statutory abrogation of the hearsay rule concerning statements made by children. Indeed, when it addressed the issue of hearsay as it relates to the children's statements, the court recognized the general statutory policy that children's statements be allowed and directed the mother's counsel to make appropriate objections during examinations, objections which counsel presented. A court has "broad discretion in determining the weight to accord [a child's] statement." *In re Serena C.*, 650 A.2d 1343, 1345 (Me. 1994); *In re Children of*

*Danielle H.*, 2019 ME 134, ¶ 7, 215 A.3d 217 (explaining that "whether to admit a child's out-of-court statement lies within the trial court's discretion").

[¶18]  We discern no abuse of that discretion on this record, where the mother had opportunity to examine witnesses concerning the children's statements and corroborating evidence, in addition to testifying herself concerning the events at issue.  This is all the more true given that the evidence of the actual treatment of the children and the chaos surrounding their lives was more critical to the court's analysis than the children's statements about those events.

[¶19]  Based on competent evidence in the record, the court found by a preponderance of the evidence that the children would be in circumstances of jeopardy in the mother's care.  *See* 22 M.R.S. §§ 4035, 4036 (2018); *In re Children of Christine A.*, 2019 ME 57, ¶ 9, 207 A.3d 186; *In re Destiny T.*, 2009 ME 26, ¶ 14, 965 A.2d 872.

The entry is:

          Judgment affirmed.

---

Brittany M.R. Sawyer, Esq., Holmes Legal Group, LLC, Wells, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Springvale District Court docket number PC-2019-18
FOR CLERK REFERENCE ONLY