MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:    2014 ME 30
Docket:      And-13-60
Argued:      January 14, 2014
Decided:     February 25, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
             JABAR, JJ.

# IN RE G.W.

JABAR, J.

[¶1]   The father of G.W. appeals from a judgment of the District Court (Lewiston, *Beliveau, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2) (2013).   The father argues that the court violated his due process rights by refusing to allow him to participate telephonically in the termination hearing.   Additionally, the father contends that the record contains insufficient evidence to support the court's finding that termination is in the child's best interest.   We affirm the judgment.

## I.  BACKGROUND

[¶2]   In February 2011, the Department of Health and Human Services indicated that it received information about the paternity of G.W., a child who was already the subject of a child protective proceeding with regard to the child's mother.  The Department initiated proceedings against the father in February 2011.

2

[¶3] In June 2012, the court issued a jeopardy and cease reunification order based upon its finding that the father had abandoned the child. *See* 22 M.R.S. §§ 4002(1-A), (1-B)(D), 4041(2)(A-2)(1) (2013). At the time of the termination hearing, the father had not seen the child since she was one year old,[1] and he had infrequently attended the proceedings involving his parental rights.

[¶4] On November 2, 2012, the court proceeded to hear the petition to terminate the father's parental rights.[2] At the start of the hearing, the father's attorney reported to the court that his client, who lived in Fitchburg, Massachusetts, had called him earlier in the day and informed him that he was unable to attend the hearing due to transportation problems in the aftermath of Hurricane Sandy. The father's attorney told the court that the father would be available by telephone if the court wanted to speak with him "about why he was not [t]here." Although the record does not indicate that either the father or his attorney requested that the father be permitted to participate by telephone, the court nevertheless considered whether to permit the father to participate by telephone pursuant to M.R. Civ. P. 43(a). The court found that the father's failure to appear at the hearing was not caused by the storm, but rather that he was not there

---

[1] The child was four years old at the time of the termination hearing.

[2] The court terminated the mother's parental rights in June 2012. We affirmed that termination. *In re M.B.*, 2013 ME 46, 65 A.3d 1260.

"because he ch[ose] not to be [there]." Consequently, the court did not permit the father to participate by telephone, and it drew a negative inference from the father's failure to appear.

[¶5] After the hearing, the court found that the father has abandoned G.W., having failed to maintain any meaningful contact with the child and to provide "financial, emotional, or physical support for [G.W.] throughout [the child's] life." The child has been in foster care since October 2009, a period the court characterized as "far too long in light of her age and permanency needs." As a result, the court found that the Department had demonstrated all four statutory grounds for termination and that termination is in the best interest of the child by clear and convincing evidence. *See* 22 M.R.S. § 4055(1)(B)(2). The father then filed this appeal. *See* 22 M.R.S. § 4006 (2013).

## II. DISCUSSION

[¶6] The father contends that the trial court violated his due process rights by refusing to allow him to participate in the termination proceedings by telephone. "We review questions of law, including alleged constitutional violations . . . de novo." *In re Robert S.*, 2009 ME 18, ¶ 12, 966 A.2d 894. "Courts exercise considerable discretion regarding the mode of interrogation and presentation of witnesses." *Malenko v. Handrahan*, 2009 ME 96, ¶ 33, 979 A.2d 1269. "That discretion includes permitting the presentation of testimony in open court by

contemporaneous transmission from a different location upon a showing of good cause." *Id.* (quotation marks omitted). Additionally, we review factual findings in a judgment terminating parental rights "to determine whether the fact-finder could reasonably have been persuaded that the required findings were proved to be highly probable." *In re C.P.*, 2013 ME 57, ¶ 9, 67 A.3d 558 (quotation marks omitted).

[¶7] In a hearing involving the termination of parental rights "where significant rights are at stake, due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder." *In re A.M.*, 2012 ME 118, ¶ 16, 55 A.3d 463 (quotation marks omitted). However, when a parent's failure to appear is "occasioned by circumstances voluntarily created by that parent," we "generally discern no abuse of discretion or violation of due process in proceeding with the hearing." *Id.* ¶ 19. "[A] termination proceeding is not like a criminal action in which a criminal defendant has the absolute right to physical presence." *Id.* ¶ 18 (quotation marks omitted). Although due process guarantees a meaningful opportunity to be heard, if a parent has voluntarily elected not to attend a termination proceeding, it does not guarantee that the parent be afforded the means of participation of his or her choice.

[¶8]  Here, the court found that the father "is not here because he chooses not to be here," which, it noted, was consistent with his failure to appear "for several previous hearings in this case."  This finding is supported by evidence of the father's repeated failures to appear at earlier hearings and conferences.  The record also indicates that the father was sent notice on July 25, 2012, that the hearing on the termination petition would take place on November 2, 2012.  *See id.* ("When the Department has demonstrated that the parent received notice of a hearing, a failure to appear is one means by which a parent may be deemed to have abandoned his or her child, which is a ground for finding parental unfitness." (quotation marks omitted)).  Additionally, Hurricane Sandy made landfall on Tuesday, October 30, and the termination hearing took place on Friday, November 2.

[¶9]  Moreover, after declining to speak with the father by telephone, the court conducted an impartial evidentiary hearing in which the father's counsel actively participated.  *See In re Robert S.*, 2009 ME 18, ¶ 16, 966 A.2d 894 (stating that due process requires an evidentiary hearing before terminating a parent's rights).  The father does not argue that his participation in the trial could have affected the court's findings, or that the testimony given at trial was inaccurate, nor has he sought to supplement the record through any of the post-judgment motions that we outlined in *In re A.M.*, 2012 ME 117, ¶ 23, 55 A.3d 463.  Thus, we defer to

the court's finding that the father was voluntarily absent, and we conclude that it was not an abuse of the court's discretion to proceed without the father's participation by telephone.

[¶10] Finally, contrary to the father's contention, the record supports the court's findings, by clear and convincing evidence, of at least one ground of parental unfitness and that termination of his parental rights is in the child's best interest. *See In re J.R.*, 2013 ME 58, ¶ 15, 69 A.3d 406.

The entry is:

> Judgment affirmed.

_____

**On the briefs:**

Heidi M. Pushard, Esq., Lewiston, for appellant father

Janet T. Mills, Attorney General, Jacob Bowie, Student Intern, and Nora Sosnoff, Asst. Atty. Gen., Office of Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

N. Seth Levy, Esq., Brunswick, for appellant father

Meghan Szylvian, Asst. Atty. Gen., for appellee Department of Health and Human Services