MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 25
Docket:        Han-14-320
Submitted
 On Briefs:    February 26, 2015
Decided:       March 10, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR JJ.

## IN RE J.B. et al.

PER CURIAM

[¶1]  The father of J.B. and A.B. appeals from a judgment entered in the District Court (Ellsworth, *Mallonee, J.*) terminating his parental rights to the children pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(iii)-(iv) (2014).  The father argues that the court abused its discretion in denying his motion to continue, *see In re Trever I.*, 2009 ME 59, ¶ 28, 973 A.2d 752, and that denial of the motion improperly affected his right to counsel in the termination hearing, *see* 22 M.R.S. § 4005(2) (2014).  We affirm the judgment.

## I.  BACKGROUND

[¶2]  In May of 2013, the Department of Health and Human Services requested and received an order removing seven-year-old J.B. and five-year-old A.B. from the home where they had been living with their mother and her boyfriend because the children were in immediate risk of serious harm from those adults.  At the time of the children's removal, the Department was unable to find

the children's father. Nonetheless, as is the standard procedure, the court immediately assigned counsel to represent the father when the children were removed from their mother's home. On September 18, 2013, after it was able to locate the father, who was in prison in Arizona, the Department served him with the order for preliminary child protection and its petition for child protection order. Before service of the petition, the father had not had meaningful contact with the children for over five years.

[¶3] During September of 2013, the father spoke with a Department caseworker and obtained information about the children's placement.[1] Despite this knowledge, the father made no meaningful effort to contact them, even when he was not incarcerated. On October 29, 2013, the court (*Mallonee, J.*) found jeopardy as to the father on the ground of his abandonment of the children for more than six months.

[¶4] On February 6, 2014, the Department filed a petition for termination of parental rights[2] and, on May 14, 2014, the father, who was again incarcerated in Arizona, was served with that petition. On June 26, 2014, the court held a hearing on the petition after denying the father's motion to continue, which was made for

---

[1] During a phone conversation with a Department caseworker in September of 2013, the father stated that he would be released from prison in time to attend the October 29, 2013, jeopardy hearing, but the father did not appear at that hearing.

[2] The mother agreed to the termination of her parental rights on February 27, 2014.

the first time on the morning of the hearing. At the time of the termination hearing, the father was still incarcerated in Arizona, and he participated in the proceeding by telephone. On July 3, 2014, the court entered a judgment terminating the father's rights on the grounds of his abandonment and failure to make a good faith effort to rehabilitate and reunify with the children. The father timely appealed pursuant to 22 M.R.S. § 4006 (2014) and M.R. App. P. 2.

## II.  DISCUSSION

[¶5]  The father challenges only the court's denial of his motion to continue the termination hearing. We review a court's decision to deny a motion to continue for abuse of discretion. *In re Trever I.*, 2009 ME 59, ¶ 28, 973 A.2d 752; *In re Frederick P.*, 2001 ME 138, ¶ 16, 779 A.2d 957. In addition, "[a] party seeking a continuance has the burden of showing sufficient grounds for granting the motion and must make known to the presiding justice *substantial reasons* why granting the continuance would serve to further justice." *In re Trever I.*, 2009 ME 59, ¶ 28, 973 A.2d 752 (quotation marks omitted).

[¶6]  The father argues that the court's denial of his motion to continue improperly deprived him of his right to counsel pursuant to 22 M.R.S. § 4005(2), which states that

> [p]arents and custodians are entitled to legal counsel in child protection proceedings, except a request for a preliminary protection order under section 4034 or a petition for a medical treatment order

4

under section 4071, but including hearings on those orders. They may request the court to appoint legal counsel for them. The court, if it finds them indigent, shall appoint and pay the reasonable costs and expenses of their legal counsel.

[¶7] The father argues that by denying his motion to continue, the court improperly deprived him of his right to counsel pursuant to section 4005[3] because "he was not provided adequate time to speak and confer with his attorney prior to the hearing."

[¶8] Contrary to the father's suggestion, section 4005(2) does not mandate that the trial court ensure that the parent and the parent's attorney have a time and place to confer. Nevertheless, here, when the father's attorney asked for time to confer with the father, during the time set aside for the termination hearing, the court allowed the father's attorney to confer privately with his client in the courtroom using the court's phone. In addition, the court allowed the father's attorney to elicit testimony from the father about a variety of events and challenges about which the father wished to testify, and the court credited the father's testimony on these issues. Finally, the trial court had previously continued the termination hearing in order to ensure that the father could participate

---

[3] The father does not argue that his due process rights were violated by the denial of his motion to continue. *See In re A.M.*, 2012 ME 118, ¶ 16, 55 A.3d 463 (stating that, as applied to a termination hearing, "balancing the interests, where significant rights are at stake, due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder." (quotation marks omitted)).

telephonically and, during the termination hearing, it diligently ensured that the attorneys and witnesses could be understood by the father at all times.

[¶9]  The court's denial of the motion to continue does not constitute an abuse of discretion.  In addition, competent, and almost entirely uncontroverted, evidence in the record supports the court's findings by clear and convincing evidence of abandonment, failure to make a good faith effort to reunify with the children, and that termination was in the best interests of the children. *See* 22 M.R.S. § 4002(1-A) (2014); 22 M.R.S. § 4055(1)(B)(2)(a), (b)(iii)-(iv).

The entry is:

Judgment affirmed.

**On the briefs:**

William B. Blaisdell, IV, Esq., Blaisdell & Blaisdell, Ellsworth, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2013-30
FOR CLERK REFERENCE ONLY