MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 106
Docket:        Cum-15-566
Submitted
  On Briefs:   May 26, 2016
Decided:       July 12, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

# IN RE ALIYAH M.

HJELM, J.

[¶1]  The mother of Aliyah M. appeals from a judgment entered in the District Court (Portland, *Eggert, J.*) terminating her parental rights.  The mother asserts that the evidence was insufficient to support the court's judgment, and she also argues, for the first time during the pendency of this case, that she was denied effective assistance of counsel during the termination proceedings.  Concluding that the judgment is supported by the evidence and that the mother has not presented—in form or in substance—a prima facie case of attorney ineffectiveness, we affirm.

## I.  BACKGROUND

[¶2]  In May 2015, the Department of Health and Human Services filed a petition to terminate the mother's parental rights.[1]  The petition was preceded by nearly three years of the Department's intervention with this family beginning

---

[1]  The Department also petitioned to terminate the father's parental rights.  In its judgment, the court terminated his rights, and he has not appealed.

2

when the child was an infant, due to, among other issues, chronic domestic violence between the parents in the child's presence—including an incident that resulted in serious injury to the mother and a different violent episode when the child was knocked down—and the mother's failure to fully acknowledge the effect of that violence on the child.

[¶3]    A three-day hearing on the termination petition was held in September 2015.  By a judgment issued in October 2015, the court terminated the mother's parental rights after determining by clear and convincing evidence that she "has not made the changes necessary to meet [the child's] needs and to protect her from jeopardy in a reasonable time," and that termination is in the best interest of the child.  *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i) (2015).

[¶4]    Through trial counsel, the mother filed a notice of appeal.  *See* 22 M.R.S. § 4006 (2015); M.R. App. P. 2.  The court then granted trial counsel's motion for leave to withdraw, and, at the mother's request, we appointed new counsel to represent her on appeal.  In compliance with the process outlined in *In re M.C.*, 2014 ME 128, ¶ 7, 104 A.3d 139, that attorney filed an appellate brief that outlines the factual and procedural history of the case and states that he did not find any arguable issues of merit for appeal.  Counsel also filed a motion for an enlargement of time to allow the mother to personally file a supplemental brief. After we granted the motion for enlargement, the mother filed a supplemental brief

in which she disputes the evidence, challenges the court's findings, and asserts that trial counsel's representation of her was ineffective.

## II. DISCUSSION

[¶5]   Contrary to the mother's contentions, the evidence is sufficient to support the court's findings, by clear and convincing evidence, that the Department proved at least one ground of parental unfitness and that termination is in the best interest of the child.  *See* 22 M.R.S. § 4055(1)(B)(2); *In re G.T.*, 2016 ME 2, ¶ 10, 130 A.3d 389.  We write, however, to address the mother's additional argument that she was denied effective assistance of counsel during the termination proceedings.

[¶6]   We have held that there are two ways a parent can raise a claim of ineffective representation in a termination case.  *See In re M.P.*, 2015 ME 138, ¶¶ 19-20, 126 A.3d 718.  First, "if there are no new facts that the parent seeks to offer in support of the claim," the parent may make an ineffectiveness claim in a direct appeal from a termination order.  *Id.* ¶ 19.  Second, if the basis for the parent's ineffectiveness challenge is not clear from the existing record and would require a court to consider extrinsic evidence, "the parent must *promptly* move for relief from a judgment terminating his or her parental rights pursuant to M.R. Civ. P. 60(b)(6)."  *Id.* ¶ 20.

4

[¶7]   Irrespective of whether the issue is presented on direct appeal or through a Rule 60(b)(6) motion, a parent challenging the effectiveness of counsel in termination proceedings must execute and file an affidavit "stating, with specificity, the basis for the claim." *Id.* ¶ 21.   An affidavit serves somewhat different purposes in the two different contexts, but those differences do not detract from the filing requirement.   First, when the parent's claim of ineffective assistance of counsel is raised in the direct appeal, the affidavit must not contain information that is extrinsic to the existing record but rather is the means by which the parent states affirmatively that he or she is making the ineffectiveness claim. *Id.* ¶ 21 n.5.   We will then review the existing record in the manner described below. *See infra* ¶¶ 12-13.

[¶8]   Alternatively, when the parent pursues an ineffectiveness claim by means of a Rule 60(b)(6) motion, the parent must file an affidavit setting out the extrinsic information underlying the claim, and the parent must also submit affidavits executed by any other person with information that the parent wants the court to consider. *Id.* ¶ 21. The submission of one or more affidavits in support of a Rule 60(b)(6) motion is necessary to allow the trial court to make a prompt preliminary determination of whether to allow the parties to present additional testimony if a party makes such a request, and then to promptly decide the ineffectiveness claim based on a proper record.

[¶9]   Whether the claim is presented as part of a direct appeal or a Rule 60(b)(6) motion, these processes are designed to balance the parent's due process interests against the State's interests in providing stability and permanency for the child.  *See id.*  Nonetheless, because an affidavit always constitutes the foundation for an ineffectiveness claim, if a parent fails to submit a signed and sworn affidavit, the ineffectiveness claim or motion "must be denied." *Id.*

[¶10]   Here, although the mother argues in her supplemental brief that counsel's performance was deficient, she did not submit a signed and sworn affidavit—much less one specifying the basis for her ineffectiveness claim. Moreover, as presented in her brief, her assertion of ineffective assistance draws on information that goes beyond the record.  Because the mother has failed to satisfy the strict procedural requirements applicable to a direct appeal as prescribed in *In re M.P.*, we must deny her claim of ineffective assistance.

[¶11]   Even if the mother had presented her claim of ineffective representation in a procedurally proper way, her contention would be unavailing. Starting with the process we prescribed in *In re M.P.*, we take this occasion to explain the steps that ensue when a parent raises an ineffectiveness claim for the first time on a direct appeal, and within that procedural framework we then review

6

the information submitted by the mother in her supplemental brief as if she had presented it in proper form.

[¶12] On a direct appeal, when a parent states in the required affidavit that he or she is challenging the effective assistance of counsel, we will review the existing record to determine whether the evidence in that record creates a prima facie showing of ineffectiveness. This consists of a prima facie case that "(1) counsel's performance was deficient, i.e., that there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance below what might be expected from an ordinary fallible attorney"; *and* (2) the deficient performance prejudiced the parent's interests at stake in the termination proceeding to the extent that "the trial cannot be relied on as having produced a just result." *Id.* ¶ 27 (quotation marks omitted). If a parent makes a prima facie showing of both elements of an ineffectiveness claim based on the record on appeal, we will remand the case to the trial court so that the court can adjudicate the full merits of that claim. We will then consider any appeal taken from that adjudication in the trial court.

[¶13] This approach respects the proper roles of the trial and appellate courts and is consistent with the principle, applied in other contexts, that when a party makes a prima facie showing on any claim or defense, triable issues of fact must be determined in the trial court. *See Bell ex rel. Bell v. Dawson,*

2013 ME 108, ¶ 16, 82 A.3d 827 (explaining that when a plaintiff establishes a prima facie case for each element of his or her cause of action, genuine issues of fact exist and summary judgment is inappropriate); *N.J. Div. of Youth & Family Servs. v. B.R.*, 929 A.2d 1034, 1040 (N.J. 2007) (holding that if an appellate court determines that the record generates a "genuine issue of fact" on a parent's ineffectiveness claim raised in a direct appeal, the matter should be remanded for a hearing); *see also* Susan Calkins, *Ineffective Assistance of Counsel in Parental-Rights Termination Cases: The Challenge for Appellate Courts*, 6 J. App. Prac. & Process 179, 209 (2004) (proposing that "[w]hen the record is insufficient for determining the merits of [an] ineffectiveness claim[]" and "the parent persuades the court that he or she is likely to prevail," the matter should be remanded to the trial court). Conversely, if the parent fails to make a prima facie case for ineffective representation, there are no factual issues to be resolved, and we must conclude that the claim fails as a matter of law.

[¶14] Here, even if the extrinsic information in the mother's unsworn submission had been properly presented to us, that information would not generate a prima facie case that she was denied effective assistance of counsel during the termination hearing.

[¶15] As shown in the record, trial counsel was actively engaged during the hearing, presenting testimony from the mother and two case managers who worked

with the family, cross-examining most of the witnesses called by the Department and the father, introducing exhibits in evidence, and arguing against the merits of the Department's termination petition. Nonetheless, the mother claims in her supplemental brief that her attorney "failed to stress" certain points and did not present evidence that the mother describes (although, again, not in affidavit form). Without reaching the question of whether those contentions arguably constitute deficient representation, they do not rise to the level of a prima facie showing of prejudice.

[¶16]  First, as described by the mother, any failure to merely emphasize evidence already in the record could not support a determination of prejudice.

[¶17]  Second, the record does not support a genuine claim that the mother was prejudiced by counsel's alleged failure to present the evidence described by the mother. The allegedly omitted evidence is limited in scope and significance. For example, while the mother states that trial counsel failed to present evidence that she had made significant efforts to engage in domestic violence education and counseling, several witnesses—including the mother herself—discussed her relatively recent work with an individual counselor and the reasons why it was difficult for her to participate in a domestic violence support group. Also, on examination by her attorney, she was invited to tell the court "anything else . . . about the work" she had done to address the issues relevant to this case.

She therefore had the opportunity to present evidence that she claims her attorney foreclosed.

[¶18]  As another example, the mother complains that her attorney did not present evidence that she expressed regret several days after stating during a family team meeting that she planned to leave the three-year-old child in the care of her seven-year-old twins, whom the caseworker described as hyperactive, when she wanted to step outside to smoke marijuana.  Given that the mother does not dispute that she proposed this so-called child care plan, she has not made an arguable showing that her subsequent expression of regret would have materially mitigated the statement's significance on the issue of parental unfitness.

[¶19]  Separate from our consideration of the discrete aspects of evidence that, according to the mother, her attorney improperly failed to present at trial, when the trial record is examined in its totality, consideration of the evidence now proffered by the mother does not raise a legitimate argument that the mother was prejudiced by any such failures.  The record supports the court's findings, among others, that for years the mother was involved in a violent relationship with the child's father, often drawing a response from law enforcement; that the child has been exposed to that violence; that even within a week of when the termination hearing began, the mother initiated contact with the child's father and was aggressive towards him; that the mother had recently entered into a relationship

with a person who was also involved in a child protection case but was not participating in services relating to his own child; and that the mother has not participated consistently in mental health services but rather chooses to "medicate" herself by using marijuana.

[¶20] Further, although the mother asserts that her attorney should have presented evidence about the child's well-being while in foster care, the court found, based on competent evidence in the record, that the child—who lives in the pre-adoptive home of a licensed therapeutic foster parent—is "very damaged" due to past psychological trauma; "vital[ly]" needs a stable and healthy environment; and, as described by the child's Early Headstart teacher, is now thriving.

[¶21] When the evidence of parental unfitness and the child's best interest is viewed as a whole, the additional information described in the mother's supplemental brief is not sufficient to raise a tenable claim that the trial failed to produce a just result. *See In re M.P.*, 2015 ME 138, ¶ 27, 126 A.3d 718.

[¶22] We therefore conclude that the mother's claim of ineffective representation, raised on this direct appeal, fails because she has not presented her claim in a manner that satisfies the procedural requirements we have established, and, separately, because even if the evidence had been presented properly, it would not generate a prima facie case that she was prejudiced by any deficiencies in trial counsel's representation of her.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Jared S. Brewer, Esq., Schneider and Brewer Attorneys at Law, Waterville, for appellant mother

Appellant mother pro se

Janet T. Mills, Attorney General, Meghan Szylvian, Asst. Atty. Gen., and Sarah Glidden, Stud. Atty., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2013-39
FOR CLERK REFERENCE ONLY