MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2021 ME 36
Docket:        Ken-20-279
Submitted
  On Briefs:   May 19, 2021
Decided:       July 8, 2021

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

IN RE CHILDREN OF KACEE S.

HORTON, J.

[¶1]  Kacee S. appeals from a judgment of the District Court (Waterville, *Dow, J.*) terminating her parental rights to her four children and from an order of the court denying her motion for relief from the judgment, *see* M.R. Civ. .P. 60(b).  She contends that she received ineffective assistance of counsel at both the trial phase and the post-judgment phase of the case and that the trial court abused its discretion when it (1) denied the father's motion to continue the termination of parental rights hearing despite the mother's unexplained absence and (2) determined that termination of the mother's parental rights was in the children's best interests.  We conclude that the mother has made a prima facie showing that she received ineffective assistance of counsel at the trial phase and post-judgment phase of the case, vacate the court's denial of her

2

second motion for relief from the judgment, and remand for further proceedings on the motion consistent with this order.[1]

## I. BACKGROUND

[¶2] The following facts and procedural history are drawn from the procedural record and the court's findings after the contested termination hearing, all of which are supported by competent record evidence. *See In re Child of Radience K.*, 2019 ME 73, ¶ 2, 208 A.3d 380.

[¶3] The Department of Health and Human Services initiated this case in September 2019, when it filed its petition for a child protection order and preliminary protection order against the mother and father as to their four children.[2] The court (*Montgomery, J.*) entered an order of preliminary protection that day, placing the children in the Department's custody. The court next held a summary preliminary hearing. The mother appeared, waived

---

[1] Based on the present record, we disagree with the mother's other contentions on appeal. Assuming, without deciding, that the mother has standing to appeal the denial of the father's motion to continue the hearing, the court did not abuse its discretion in denying the motion, considering that the father was seeking a continuance of indefinite duration so that he could "prove himself." *See In re J.B.*, 2015 ME 25, ¶ 5, 112 A.3d 369 ("We review a court's decision to deny a motion to continue for abuse of discretion."). Nor did the court clearly err in making any of its findings underlying its best interest determination. *See In re B.C.*, 2012 ME 140, ¶ 11, 58 A.3d 1118. The court admitted several of the Department's exhibits and heard testimony from the Department's witnesses. The failure of the mother's trial counsel to challenge the Department's evidence or submit evidence on the mother's behalf may bear on the mother's ineffective assistance claim, but the record before us supports the trial court's findings. *See id.*

[2] The father consented to termination of his parental rights at the termination hearing and takes no part in this appeal.

her right to the hearing, and consented to the entry of the preliminary order. The court (*Stanfill, J.*) held a jeopardy hearing at which the mother again appeared and agreed to the entry of a jeopardy order against her as to all four children. In June 2020, the Department filed a petition for termination of the mother's and father's parental rights. The mother was served in hand with notice pursuant to 22 M.R.S. § 4053 (2021) that the Department had filed the petition, but the notice did not contain the date of the termination hearing. The date and time of the hearing was set later by the court and was provided to the mother's trial counsel.

[¶4] On September 16, 2020, the court (*Dow, J.*) held a hearing on the Department's termination petition. Although the mother had appeared at court for the two previous hearings in the case, she did not appear for the termination hearing. Trial counsel was also absent when the hearing began. The father— who, at the time, was incarcerated and scheduled to be released in three and a half months—and his counsel appeared on time. Initially, the father indicated that he was contesting the petition. However, after a colloquy with the court about his choice to contest or consent to termination, the father, through his counsel, requested a continuance so that he could "prove himself" after his

4

release from imprisonment. The Department and the guardian ad litem both objected to a continuance.

[¶5] It was only then that the mother's trial counsel came into the courtroom. He said that he was late because he thought the hearing had been continued. Although his client was absent and he plainly was not ready to proceed, he did not join in the father's motion to continue nor did he make his own motion to continue or otherwise object to the hearing proceeding without his client. He told the court that he had notified his client of the hearing date but failed to point out that his client had appeared at both previous hearings.

[¶6] The court denied the father's motion to continue and declared a recess to enable the father to meet with his attorney and to decide whether to contest or consent to termination. After the recess, the father consented to the termination of his parental rights.

[¶7] The court then commenced an evidentiary hearing on the Department's petition as to the mother. The Department's only witnesses were the Department's permanency caseworker assigned to the case and the guardian ad litem. Trial counsel's cross-examination consisted of six questions to the caseworker and none to the guardian ad litem. After the Department rested, trial counsel presented no evidence on the mother's behalf. However,

he did tell the court that he had sent a text to the mother that the hearing had begun and that the mother had not responded. At no time did trial counsel request that the record remain open for a limited time so that he could speak with his client and determine whether she had any evidence to present.

[¶8] The court did not invite closing argument, and trial counsel did not request an opportunity to present it. Instead, the court stated on the record its findings by clear and convincing evidence that the Department had proved all four statutory criteria for parental unfitness. *See* 22 M.R.S. § 4055(1)(B)(2)(b) (2021). It next determined that termination of the mother's parental rights was in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a) (2021). The court entered a judgment terminating her parental rights as to the four children. Because the termination of the mother's parental rights was involuntary, a byproduct of the court's judgment is that she will be subject to an "aggravating factor" in any future child protection proceeding involving her child. *See* 22 M.R.S. § 4002(1-B)(C) (2021); *see also* 22 M.R.S. §§ 4034(4), 4036-B(3), 4041(2)(A-2)(1), 4052(2-A)(B) (2021). The mother timely appealed from the judgment. *See* 22 M.R.S. § 4006 (2021); M.R. App. P. 2B(c)(1).

[¶9] After filing the notice of appeal, trial counsel moved to withdraw from the case, and interim counsel was appointed to represent the mother.

6

Interim counsel filed a combined motion for relief from judgment, pursuant to M.R. Civ. P. 60(b), and to set aside default, pursuant to M.R. Civ. P 55(c).[3] Although the Rule 60(b) motion did not expressly assert a claim of ineffective assistance of counsel at the trial phase, it recited the same list of alleged shortcomings in trial counsel's performance that the mother relies on in her ineffective assistance claim before us. However, the motion contained no supporting affidavit, meaning that even if it had expressly asserted an ineffective assistance claim, it was still facially deficient. *See In re Tyrel L.*, 2017 ME 212, ¶ 10, 172 A.3d 916. The court denied the motion.

[¶10] Interim counsel then moved for further findings of fact and conclusions of law on the court's denial of the motion. *See* M.R. Civ. P. 52(b).[4] Before the court could rule on her Rule 52(b) motion, the mother filed a notice of appeal of the judgment denying her Rule 60(b) motion. *See* 22 M.R.S. § 4006. The court granted the Rule 52(b) motion, stating only that "the mother's [Rule 60(b)] motion was denied for the reasons stated in the Department's . . . Response."

---

[3] Because the mother had already appealed the judgment, interim counsel filed a motion here requesting that the appeal be stayed pending disposition of the combined motion. We granted the motion and proceedings resumed before the trial court.

[4] The court did not take evidence in connection with its denial of the M.R. Civ. P. 60(b) motion, so the M.R. Civ. P. 52(b) motion was not appropriate.

[¶11]  Next, interim counsel moved to withdraw.  We granted interim counsel's motion, appointed appellate counsel, and consolidated the appeal of the original termination judgment with the appeal of the denial of the Rule 60(b) motion.  Appellate counsel filed in the trial court a second Rule 60(b) motion for relief from judgment.  This motion expressly alleged ineffective assistance of trial counsel and added an ineffective assistance claim as to the mother's interim counsel.  It also included the required affidavit.  *See In re M.P.*, 2015 ME 138, ¶¶ 19, 21, 126 A.3d 718.  Appellate counsel also asked that we enlarge the briefing period for the consolidated appeal.  *See* M.R. App. P. 10(a). We permitted the trial court to act on the mother's pending motion and directed that the appeal proceed thereafter.  The trial court has subsequently denied the second motion as untimely in light of the deadline that we established in *In re M.P.*, 2015 ME 138, ¶ 20, 126 A.3d 718.

## II.  DISCUSSION

### A.    Availability of Review

[¶12]  The mother argues that she received ineffective assistance of counsel at both the trial and post-judgment phases of her case.  Before we can address the mother's claim with regard to either stage, we must determine whether it is properly before us.  We have articulated a specific procedure by

which a parent can bring a claim of ineffective assistance of counsel in a termination case. *Id.* ¶¶ 19-21 & n.5. If a parent wishes to make a claim of ineffective assistance without relying on evidence extrinsic to the trial court record, the parent may do so via an appeal directly from the termination judgment. *In re Aliyah M.*, 2016 ME 106, ¶ 6, 144 A.2d 50. But "if the basis for the parent's ineffectiveness challenge is not clear from the existing record . . . , the parent must *promptly* move for relief from a judgment terminating his or her parental rights . . . ." *Id.* (quotation marks omitted). In both circumstances, the parent "must execute and file an affidavit stating, with specificity, the basis for the claim." *Id.* ¶ 7 (quotation marks omitted).

[¶13] An affidavit filed on direct appeal "must not contain information that is extrinsic to the existing record." *Id.* If a parent claims ineffective assistance through a Rule 60(b) motion for relief from judgment, the parent "must file an affidavit setting out the extrinsic information underlying the claim." *Id.* ¶ 8. Such a motion allows the trial court to "make a prompt preliminary determination of whether to allow the parties to present additional testimony if a party makes such a request, and then to promptly decide the ineffectiveness claim based on a proper record." *Id.*

[¶14]  Here, the mother's ineffective assistance claim relies on matters both within and outside the trial court record—what she labels as deficiencies in her trial counsel's performance as revealed in the trial transcript, and also what she asserts are his out-of-court failures to counsel her, prepare for trial, and give her notice of the hearing date.  However, her initial Rule 60(b) motion did not expressly assert an ineffectiveness claim, although it alleged the substantive elements of ineffective assistance.  Moreover, the initial Rule 60(b) motion failed to include an affidavit.  The mother has since corrected those deficiencies, but not within the time frames we have said must be observed.  In *In re M.P.*, we said that the parent should file the Rule 60(b) motion and affidavit asserting an ineffectiveness claim within twenty-one days after the expiration of the period for appealing the judgment.  2015 ME 138, ¶ 20, 126 A.3d 718.  In other words, the mother's first Rule 60(b) motion was timely but not in proper form, and her second was in proper form but not timely.

[¶15]  Because parents are entitled to due process, however, and because "[d]ue process is a flexible concept that we analyze in the context of the particular situation at hand," *Adoption by Jessica M.*, 2020 ME 118, ¶ 9, 239 A.3d 633 (quotation marks omitted), our decision in *In re M.P.* left open the possibility that, "in exceptional and unusual circumstances, a parent may move

for relief pursuant to M.R. Civ. P. 60(b)(6) outside of [the twenty-one-day] period." 2015 ME 138, ¶ 20 n.4, 126 A.3d 718.

[¶16]  This case presents such exceptional and unusual circumstances.  It would be a strange system of justice that allowed a parent's claim of ineffective assistance of counsel regarding one attorney to be stymied because another attorney rendered ineffective assistance in asserting the claim.  We implicitly recognized that point in *In re Aliyah M.*, in which the appellant parent failed to submit an affidavit in connection with her ineffectiveness claim.  2016 ME 106, ¶ 10, 144 A.3d 50.  Despite her failure to present the claim properly, we went on to evaluate her counsel's performance in detail, and we decided that "[e]ven if the mother had presented her claim of ineffective representation in a procedurally proper way, her contention would be unavailing."  *Id.* ¶ 11.

[¶17]  In light of the extraordinary circumstances of this case, we conclude that the mother's ineffectiveness claim is timely[5] and properly before us for review and therefore turn to the question of whether she has made a

---

[5]  Key to our conclusion is the fact that the mother has moved expeditiously, albeit not always effectively, at every phase—her notice of appeal was timely, her first Rule 60(b) motion was timely but incomplete, and she took corrective action in the form of a revised motion without undue delay. Unlike the appellant in *Aliyah M.*, who never presented an affidavit in support of her ineffectiveness claim, either in the trial court or on appeal, *see* 2016 ME 106, ¶ 10, 144 A.3d 50, the mother in this case has promptly cured her interim counsel's defective motion by filing the required affidavit with her curative Rule 60(b) motion.  Time is of the essence in child protection proceedings, and, had the mother failed to pursue her ineffectiveness claim with diligence and alacrity, we might well have come to a different conclusion.

prima facie showing of ineffective assistance so as to enable her claim to proceed to a hearing before the trial court.

B.      Standard of Review

[¶18]   The right of parenthood is fundamental.  *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000).  The Due Process Clauses of the United States and Maine Constitutions, U.S. Const. amend. XIV; Me. Const. art. I, § 6-A, protect a parent's "right to make decisions concerning the care, custody, and control of [his or] her children."  *In re Children of Bethmarie R.*, 2018 ME 96, ¶ 23, 189 A.3d 252 (alteration omitted) (quotation marks omitted).  Accordingly, the trial court must ensure that a parent facing termination of his or her parental rights has a "meaningful opportunity to be heard."  *Adoption by Jessica M.*, 2020 ME 118, ¶ 12, 239 A.3d 633.

[¶19]   "A parent alleging ineffective assistance of counsel in a child protection case has the burden to show that (1) counsel's performance was deficient, i.e., that there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance below what might be expected from an ordinary fallible attorney; and (2) the deficient performance prejudiced the parent's interests at stake in the termination proceeding to the extent that the trial cannot be relied on as having produced a just result."  *In re*

*Children of Jeremy A.*, 2018 ME 82, ¶ 21, 187 A.3d 602 (alteration omitted) (quotation marks omitted).  Accordingly, the mother must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Our review is to determine "whether the evidence in that record creates a prima facie showing of ineffectiveness."  *In re Tyrel L.*, 2017 ME 212, ¶ 8, 172 A.3d 916 (quotation marks omitted) (noting that an ineffectiveness claim must be based on the existing record).

[¶20]   Counsel's tactics and strategy are entitled to "substantially heightened deference."   *Pineo v. State*, 2006 ME 119, ¶ 16, 908 A.2d 632. Counsel's performance is not deficient if the record reflects a flawed but ultimately understandable trial strategy.  *See, e.g.*, *In re Child of Kimberlee C.*, 2018 ME 134, ¶ 6, 194 A.3d 925 (citing, as proof of counsel's effective assistance, that counsel made numerous objections, presented evidence, and conducted a "rigorous[] cross-examin[ation]" of the Department's witnesses); *Levesque v. State*, 664 A.2d 849, 852 (Me. 1995) (holding that, where a defendant was not "deprived of an otherwise available substantial ground of defense," counsel was effective pursuant to the *Strickland* standard).  Rather,

the performance must be "manifestly unreasonable." *Pineo*, 2006 ME 119, ¶ 13, 908 A.2d 632.

[¶21]　Because the trial court has not addressed the mother's ineffectiveness claim, our task is to determine whether the mother has made a prima facie showing of ineffective assistance of counsel sufficient to justify a remand to the trial court for a hearing on the claim. *See In re Tyrel L.*, 2017 ME 212, ¶ 8, 172 A.3d 916.

C.　Claim of Ineffective Assistance in the Trial Phase

[¶22] We address the mother's claim of ineffective assistance at the trial phase first because if the mother cannot make a prima facie showing of ineffectiveness on the part of her trial counsel, any ineffectiveness on the part of her interim counsel becomes irrelevant.

[¶23] As to her trial counsel, the mother's ineffectiveness claim relies on both matters within the trial record and extrinsic matters. She contends that trial counsel provided ineffective assistance by failing to (1) advise her of her options regarding voluntary termination; (2) ensure that she had actual notice of the termination hearing; and (3) prepare for the hearing, object to the hearing proceeding in her absence, or present any defense on her behalf.

[¶24]  The mother highlights trial counsel's failure to advise her of the opportunity to consent to the termination of her parental rights as evidence that she was deprived of the effective assistance of counsel.  She contends that trial counsel never told her that this was an option, though she points to no evidence in the existing trial court record to support her claim.  *See In re Tyrel L.*, 2017 ME 212, ¶ 11, 172 A.3d 916.  However, had she attended the hearing, she would have witnessed the colloquy between the court and the father about his choice of contesting or consenting to termination.  That colloquy included discussion of the aggravating factor that results from involuntary termination.  It follows that, had she participated in the hearing, she could have engaged in a similar colloquy.

[¶25]  Another aspect of the mother's ineffectiveness claim that relies on extrinsic facts is her contention that trial counsel failed to notify her of the date and time of the termination hearing.  The court found only that she was served in hand with notice of the termination petition.  The mother contends that she missed the hearing because trial counsel—who had received notice of the date and time of the hearing—failed to provide her with that information.  *Cf. In re Child of Haley L.*, 2019 ME 108, ¶ 18 & n.6, 211 A.3d 1148 (stating that notice of the scheduled time for a hearing need only be served upon counsel and that the

mother's appearance at the hearing is proof enough that counsel provided her with actual notice).

[¶26]  Though the mother relies mostly on extrinsic evidence to support her argument that she was never provided with actual notice of the hearing, *see supra* ¶¶ 23, 25, the existing record does provide some support for her assertions.  First, the mother appeared for both her summary preliminary hearing and her jeopardy hearing.  Next, the transcript reflects that trial counsel appeared well after the hearing began and claimed that he believed the matter had been continued.[6]

[¶27]  The mother also relies on what she labels as her trial counsel's failures of advocacy before and during the hearing.  Specifically, she notes that trial counsel never submitted a witness or exhibit list, presented no evidence, called no witnesses, and offered no closing argument, and that his only effort at defending her parental rights consisted of a cursory cross-examination of the Department's caseworker and an objection to one question.  *Cf. In re Child of Kimberlee C.*, 2018 ME 134, ¶ 6, 194 A.3d 925.  Trial counsel's lack of

---

[6]  His decision not to join the father's motion to continue is made all the more puzzling based on this revelation.

participation in the hearing left the Department's narrative entirely unchallenged.

[¶28] The mother contends—with support in the record—that by neither joining in the father's motion to continue nor making his own motion, trial counsel did not advocate at all for his client's "meaningful opportunity to be heard." *In re G.W.*, 2014 ME 30, ¶ 7, 86 A.3d 1228; *cf. In re Child of James R.*, 2018 ME 50, ¶ 17, 182 A.3d 1252 ("In termination cases, . . . due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, [and] the right to respond to claims and evidence . . . .") (quotation marks omitted). Although we defer to counsel's trial strategy when assessing an ineffectiveness claim, the mother's trial counsel does not appear to have employed any trial strategy. *See Pineo*, 2006 ME 119, ¶ 16, 908 A.2d 632.

[¶29] For these reasons, we conclude without hesitation that the mother has made at least a prima facie showing that her trial counsel's performance fell below the standard for an "ordinary fallible attorney" and was manifestly unreasonable. *In re Children of Jeremy A.*, 2018 ME 82, ¶¶ 21, 24, 187 A.3d 602 (quotation marks omitted).

D.     Prejudice at the Termination Phase

[¶30]  The prejudice element of an ineffectiveness claim requires the court to "determine if there is a reasonable probability that the ineffectiveness resulted in a different outcome—meaning, whether ineffective assistance of counsel rose to the level of compromising the reliability of the judgment and undermining confidence in it."[7]  *Id.* ¶ 21 (alteration omitted) (quotation marks omitted).  For purposes of her appeal, it is the mother's burden to make a prima facie showing that the "errors of counsel actually had an adverse effect on the defense."  *Theriault v. State*, 2015 ME 137, ¶ 14, 125 A.3d 1163 (alteration omitted) (quotation marks omitted).

[¶31]  It is not clear from the record whether the mother can credibly contend that trial counsel's substandard performance deprived her of the opportunity to avoid termination of her parental rights.  What is clear is that

---

[7]  There exists an exception to the *Strickland* standard in circumstances where counsel's performance is deemed so egregiously deficient that prejudice is presumed. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). "In *Cronic*, the Court identified three specific circumstances that warranted the presumption.  The first and most obvious is a complete denial of counsel at a critical stage.  The second occurs if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.  And, the third occurs when the circumstances are such that even a fully competent attorney, could not provide effective assistance of counsel." *Fusi v. O'Brien*, 621 F.3d 1, 7 (1st Cir. 2010) (alterations omitted) (citations omitted) (quotation marks omitted). "In cases where counsel's ineffectiveness amounts to the constructive denial of the assistance of counsel, prejudice is legally presumed and need not be affirmatively proved." *Theriault v. State*, 2015 ME 137, ¶ 17, 125 A.3d 1163 (quotation marks omitted).  We have not applied the *Cronic* standard in the parental rights context, nor does this case require us to decide whether to do so, because the mother has met her burden to make a prima facie showing that counsel's deficient performance resulted in actual prejudice. *See In re M.P.*, 2015 ME 138, ¶ 25, 126 A.3d 718.

her absence from the hearing deprived her of the opportunity to choose to consent to termination and avoid incurring an aggravating factor. *Cf. In re Children of Jeremy A.*, 2018 ME 82, ¶ 21, 187 A.3d 602. For a parent to incur an aggravating factor is not a trivial consequence. Among other things, it means that, if another child of the parent is the subject of a child protection proceeding, the court may relieve the Department of the duty to make reasonable efforts to prevent the removal of the child from the home, 22 M.R.S. § 4036-B(3), and may relieve the Department of its obligation to attempt reunification between the child and the parent, 22 M.R.S. § 4041(2)(A-2)(1).

[¶32] Because the record indicates that trial counsel did not advocate for his client at the hearing and that the mother incurred an aggravating factor, we conclude that she has made a prima facie showing that the deficiencies in her trial counsel's performance undermine faith in the reliability of the judgment. *See In re Children of Jeremy A.*, 2018 ME 82, ¶ 21, 187 A.3d 602.

E.    Claim of Ineffective Assistance in the Post-Judgment Phase

[¶33]    The mother argues that interim counsel's assistance was ineffective because interim counsel's Rule 60(b) motion did not properly present the claim of ineffective assistance by trial counsel.

[¶34] Interim counsel completed three tasks during her participation in this case: she filed a Rule 60(b) motion, a motion for further findings of fact and conclusions of law, and a notice of appeal of the denial of her Rule 60(b) motion. The Rule 60(b) motion did not include an affidavit setting forth the basis of an ineffectiveness claim as to trial counsel, thereby virtually guaranteeing that it would be denied. *See In re Tyrel L.*, 2017 ME 212, ¶ 10, 172 A.3d 916. Given interim counsel's extremely limited role in this case, this crucial mistake undoubtedly constitutes prima facie evidence of performance below "what might be expected from an ordinary fallible attorney." *In re Children of Jeremy A.*, 2018 ME 82, ¶ 21, 187 A.3d 602; *cf. In re Tyrel L.*, 2017 ME 212, ¶ 10, 172 A.3d 916 (stating that a parent's failure to submit a signed and sworn affidavit "alone is a sufficient basis for us to decline to remand the ineffectiveness claim to the trial court").

F.     Prejudice at the Post-Judgment Phase

[¶35] Interim counsel's mistake prevented the trial court from reaching the merits of the mother's initial Rule 60(b) motion. Had the motion been in proper form, the court would have held an evidentiary hearing. *See In re M.P.*, 2015 ME 138, ¶ 12, 126 A.3d 718.

20

[¶36]  Interim counsel's performance therefore deprived the mother of the opportunity to be heard on her ineffectiveness claim against trial counsel, such that we cannot trust the process below as having produced a just result. *See In re Children of Jeremy A.*, 2018 ME 82, ¶ 21, 187 A.3d 602.  We conclude that the mother has made a sufficient showing of prejudice resulting from ineffectiveness on the part of her interim counsel.

## CONCLUSION

[¶37]  Based on the mother's prima facie showing of ineffective assistance of counsel at both the trial phase of the case and the post-judgment phase, and based also on our conclusion that the mother's second Rule 60(b) motion was both proper and timely in light of the extraordinary circumstances presented in this case, we vacate the trial court's denial of her second Rule 60(b) motion and remand for an evidentiary hearing on the motion.  *See In re M.P.*, 2015 ME 138, ¶ 20 n.4, 126 A.3d 718.

The entry is:

> Order denying the mother's second motion for relief from judgment vacated.  Remanded for further proceedings consistent with this opinion.

Ashley T. Perry, Esq., Sanders, Hanstein & Carey, P.A., Farmington, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Waterville District Court docket number PC-2019-64
FOR CLERK REFERENCE ONLY